IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAW OFFICES OF SNIDER AND ASSOCIATES, LLC.<br>Baltimore, MD<br><br>   Plaintiff,<br><br> v.<br><br>ROBERT M. GATES<br>SECRETARY, DEPARTMENT OF DEFENSE,<br>DEFENSE FINANCE AND ACCOUNTING<br>SERVICE AGENCY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 10-01822 (RLW)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY PURSUANT TO RULE 56(f)

Plaintiff, by its undersigned counsel, files a reply in support of Plaintiff's Motion for discovery pursuant to Rule 56(f), Federal Rules of Civil Procedure. Plaintiff states the following in support:

Typically discovery is not part of a FOIA case, and the decision whether to allow discovery rests within the discretion of the district court judge. *Broaddrick v. Executive Office of the President*, 139 F.Supp.2d 55, 63 (D.D.C.2001). When discovery is permitted it is to be "sparingly granted." *Public Citizen Health Research Group v. Food & Drug Admin.*, 997 F.Supp. 56, 72 (D.D.C.1998). However, most often, discovery is limited "to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like." *Id.* at 72-73; *Murphy v. Federal Bureau of Investigation*, 490 F.Supp. 1134, 1137 (D.D.C.1980) (cases uniformly establish discovery in FOIA case may proceed when factual issues arise about "the adequacy or completeness of the government search and index" and this

issue can arise "only after the government files its affidavits and supporting memorandum of law"); *Niren v. Immigration & Naturalization Serv.*, 103 F.R.D. 10, 11 (D.Or.1984) (scope of discovery limited in FOIA cases to "whether complete disclosure has been made by the agency in response to an individual's request for information." "Whether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery."). Discovery in a FOIA case is permitted "when factual issues arise about the 'adequacy or completeness of the government search and index' and this issue can arise 'only after the government files its affidavits and supporting memorandum of law' ". *Murphy v. F.B.I.*, 490 F.Supp. 1134, 1137 (D.D.C.1980); *See also American Broad. Cos., Inc. v. United States Information Agency*, 599 F.Supp. 765, 768-69 (D.D.C.1984) (allowing discovery where plaintiffs asserted by affidavit that additional discovery was needed to justify their opposition contending discovery was needed to "fully explore" the discrepancies contained in defendants' affidavits, and to "provide important evidence...missing from these declarations, and in the exclusive control of the defendants").

  Mr. Pressley's supplemental affidavit reiterates that Defendant cannot produce the requested information because Plaintiff did not provide the employees social security numbers. *See* Dockt. No. 17. The Defendant is arguing that if Plaintiff does not provide the social security numbers they have carried their burden of conducting an adequate search. In their opposition to Plaintiff's Rule 56(f) Motion Defendant now argues that even if they do get the social security numbers they could not produce the requested information and perhaps the information is covered under a FOIA exemption. *See* Dockt. No. 15 pp. 6-7. Defendant never made these arguments in their Motion for Summary Judgment. Mr. Goodwin's affidavit and the other exhibits attached to Plaintiff's Opposition to Summary Judgment argument shows that

Defendant's original argument, that it conducted an adequate search, appears to be false. *See* Exhibits 3-7 attached to Plaintiff's opposition to Defendant's Motion for Summary Judgment at Dockt. No. 13-3-13-7. Mr. Godwin's affidavit shows that Plaintiff has received many documents and data including payroll information maintained by DFAS from different Agencies. Plaintiff has received the following information including but not limited to: name of employee, grade, step, position title, position description number, payment code, hours in code, amount of payment, pay period and base rate of pay. *See* Docket No. 13-3 at ¶5. Also, according to Mr. Goodwin, no Agency requesting the data from DFAS and then providing it to Plaintiff had to provide Social Security numbers in order to retrieve the requested information. *Id.* at ¶ 10.

The exhibits clearly shows the Court that Plaintiff requires critical evidence in this case that can only be obtained from Defendant through discovery. *See* Dockt. No. 13-13-7. The discovery sought would shed light on the issue whether Defendant conducted an adequate search, whether they could have produced the requested information and finally, whether they in fact previously produced the requested information.

*WHEREFORE*, Plaintiff respectfully requests that this Court grant its motion.

Respectfully submitted,

  /s/
Allan E. Feldman, Esq. #503357
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21209
410-653-9060 phone
410-653-9061 fax
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2011, I electronically filed the within and foregoing using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

RHONDA L. CAMPBELL, Esq.
D.C. Bar No. 462402
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9519

                                                               /s/
                                         Allan E. Feldman, Esq. #503357
                                         Snider & Associates, LLC
                                         104 Church Lane, Suite 100
                                         Baltimore, Maryland 21209
                                         410-653-9060 phone
                                         410-653-9061 fax
                                         Attorneys for Plaintiff