# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LAW OFFICES OF SNIDER AND ASSOCIATES, LLC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT M. GATES, Secretary, Department of Defense, DEFENSE FINANCE AND ACCOUNTING SERVICE AGENCY,**<br><br>Defendant. | Case No. 1:10-cv-01822 (CRC) |

## MEMORANDUM OPINION

Snider and Associates, LLC., a Baltimore, Maryland law firm, filed a FOIA request for payroll records of civilian employees of the Norfolk Naval Shipyard. The Defense Finance and Accounting Service Agency ("DFAS") denied Snider's request because, according to its record-keepers, the sole information system that houses these records can only be searched by inputting the social security number of each employee and Snider did not provide social security numbers for the employees whose records it sought. Although DFAS's declarations are less detailed than would be ideal, it has put forth sufficient evidence to demonstrate that it conducted an adequate search, and Snider has not provided sufficient evidence to contradict DFAS's proffers. The Court will thus grant DFAS's motion for summary judgment.

### I.      Background

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Snider and Associates, LLC requested from DFAS payroll and related information for certain civilian employees of the Norfolk Naval Shipyard. Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ¶¶ 1–2. It requested spreadsheets of "overtime worked and all overtime pay,"

"compensatory time" earned and used, and "credit hours" earned, used, and left unused regarding "all Bargaining Unit Employees of the Norfolk Naval Shipyard, including all bargaining unit employees represented by AFGE Local 22 (BUS Code 3273)," along with "each employee's first and last name, pay rate, position title, Agency position number, position description number, job series, grade, step, and FLSA exemption status (E or N)." Compl. Ex. 1 at 1–2. DFAS advised Snider that it "do[es] not maintain electronic spreadsheets or electronic lists with the information indicated in [Snider's] request;" that its "payroll records for Department of Navy civilian employees, . . . do not include information regarding bargaining unit employee status and/or the exclusive representative for bargaining units;" and that DFAS "does not have records indicating position titles, Agency position numbers, and position description numbers of employees of the Norfolk Naval Shipyard, who are Department of Navy and not DFAS employees." Def.'s Mot for Summ. J. Ex. C at 1–2.

Snider responded by letter to DFAS, contending that the agency "can easily identify the proper records to produce to us" because Snider "receive[s] payroll data identical to that requested under this FOIA from DFAS all the time in other cases." Id. Ex. D at 1. Moreover, Snider claimed that counsel for the Norfolk Naval Shipyard "has been trying to get this data from DFAS for years, directly and through [the shipyard's] personnel office." Id. DFAS, while continuing to process Snider's FOIA request, informed the firm that "to conduct a search for the records you are seeking, it is imperative that you provide us with the full social security number of the individuals about whom you seek records." Id. Ex. E.

Snider filed suit to compel DFAS to produce the requested records. Compl. ¶¶ 4–8. Moving for summary judgment, DFAS argues that it has satisfied its burden to demonstrate an adequate search. In support of its motion, it submits the declaration of Jeffrey Presley, "Deputy Director of Civilian Pay Operations at the DFAS site in Cleveland, Ohio[,]" First Presley Decl. ¶ 2,

which states that the Defense Civilian Payroll System (DCPS) is the only record system in DFAS likely to contain responsive records and that it requires social security numbers to access the relevant records. Id. ¶¶ 5,7. Snider apparently has not provided the necessary social security numbers. See Def.'s Mot for Summ. J. Ex. D, E.

Snider opposes summary judgment, arguing that DFAS's declarations are conclusory and that its exhibits disprove DFAS's contention that social security numbers are required to search for employee records. Pl.'s Opp. to Mot. for Summ. J. at 9–10, 13–15. Snider has also moved for discovery, including Presley's deposition. Pl.'s Mot. for Discovery at 4–6.

## II.    Standard of Review

"It is typically appropriate to resolve FOIA cases on summary judgment." Shapiro v. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013), appeal dismissed, 13-5345, 2014 WL 1378748 (D.C. Cir. Feb. 26, 2014) (citing Brayton v. Office of the U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011)). The Court should grant summary judgment where the pleadings, stipulations, affidavits, and admissions in a case show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence and draw all reasonable interferences in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

"In the FOIA context, the government must demonstrate the absence of a genuine dispute regarding the adequacy of its search for or production of responsive records." Judicial Watch, Inc. v. Dep't of the Navy, 971 F. Supp. 2d 1 (D.D.C. 2013) (citing Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs., 849 F.Supp.2d 13, 21–22 (D.D.C. 2012)). "The agency must 'show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Negley v. FBI, 658 F. Supp. 2d 50, 57

(D.D.C. 2009) (quoting <u>Oglesby v. Dep't of the Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990)).  This Circuit has long "required agencies to make more than perfunctory searches and, indeed, to follow through on obvious leads to discover requested documents."  <u>Valencia-Lucena v. Coast Guard</u>, 180 F.3d 321, 325 (D.C. Cir. 1999).  "If the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper."  <u>Id.</u> (citing <u>Campbell v. Dep't of Justice</u>, 164 F.3d 20, 27 (D.C. Cir. 1998)).

"Summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." <u>Consumer Fed'n of Am. v. Dep't of Agric.</u>, 455 F.3d 283, 287 (D.C. Cir. 2006).  An agency affidavit is to be afforded "substantial weight[] so long as it . . . is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith[.]"  <u>Judicial Watch v. Dep't of Defense</u>, 715 F.3d 937, 940–41 (D.C. Cir. 2013) (quotation omitted).  Government affidavits "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  <u>Safecard Servs., Inc. v. SEC</u>, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting <u>Ground Saucer Watch, Inc. v. CIA</u>, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

A.    <u>Whether DFAS Conducted an Adequate Search</u>

DFAS "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." <u>Oglesby</u>, 920 F.2d at 68 (citing <u>Weisberg v. Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  It can satisfy this burden through affidavits that "adequately describe the agency's search[,]" <u>id.</u>, but not ones containing "'claims [that] are conclusory, merely reciting statutory standards, or . . . too vague or sweeping.'"  <u>Campbell v. Dep't of Justice</u>, 164 F.3d 20, 30 (D.C. Cir.

1998) (quoting <u>Hayden v. Nat'l Sec. Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

Although terse, DFAS's affidavits are specific enough to enable the Court to determine that an adequate search was performed. DFAS "cannot limit its search to only one record system . . . if there are others that were 'likely to turn up the information requested.'" <u>Negley</u>, 658 F. Supp. 2d at 57 (quoting <u>Oglesby</u>, 920 F.2d at 68). According to Presley's declaration, however, DCPS is the only information system within DFAS likely to contain payroll information for Norfolk Navy Shipyard employees and it requires social security numbers to perform a search. Second Presley Decl. ¶ 7. As the "Deputy Director of Civilian Pay Operations at the DFAS site in Cleveland, Ohio," First Presley Decl. ¶ 2, which is the DFAS site that processes Department of the Navy civilian employee payroll transactions, North Decl. ¶ 5; Second Presley Decl. ¶ 7, Presley appears to be in a position within the agency to know whether alternative record systems exist that are likely to turn up relevant documents. <u>Cf.</u> <u>Am.-Arab Anti-Discrimination Comm. v. Dep't of Homeland Sec.</u>, 516 F. Supp. 2d 83, 87 (D.D.C. 2007) (familiarity with Agency record systems presumed from affiant's "role as the Deputy Assistant Secretary for Operations").

Presley's declaration is similar to the government's affidavit in <u>American-Arab Anti-Discrimination Committee v. Department of Homeland Security</u>, 516 F. Supp. 2d 83 (D.D.C. 2007), where the government sought summary judgment in a FOIA suit seeking data on the nationality of 230 individuals detained in an "enforcement initiative by ICE[,]" by submitting an affidavit that "ICE does not maintain information relating to ethnicity and religion." <u>Id.</u> at 86–87 (internal quotations and brackets in original omitted). While acknowledging that this statement "[v]iewed in isolation . . . is akin to simple ipse dixit[,]" because of the affiant's "role as the Deputy Assistant Secretary for Operations[,]" the court "presumed [him] able to familiarize himself with what statistics ICE does and does not maintain" and thus found his explanation to be "sufficient . . . to explain why a search would be futile and unnecessary." <u>Id.</u> at 87–88. Like the declaration in

American-Arab Anti-Discrimination Committee, Presley's declarations that only DCPS is likely to contain responsive records and that it requires social security numbers—coupled with his position within DFAS and his explanation that DCPS is the only record system likely to contain Department of the Navy civilian employee records—are sufficient to establish that DFAS conducted an adequate search.

The Court must accord Presley's statements "substantial weight" unless Snider provides contradictory evidence or indicia of agency bad faith. See Judicial Watch, 715 F.3d at 940–41. It has not done so. Snider submits its own affidavit through one of its IT employees, Hershel Goodwin. Goodwin Aff. ¶ 2. Goodwin states that Snider has previously sent nearly identical requests for information to "[a]gencies that are clients of DFAS," and that, to the best of his knowledge, these entities all requested and received payroll information from DFAS without providing social security numbers. Id. ¶¶ 6–9. But Goodwin's affidavit is not persuasive evidence contradicting DFAS's declarations because Snider has not established why Goodwin would know how any of these entities responded to Snider's requests. His role in processing data that Snider receives, id. ¶ 3, provides him no particular insight into what steps these entities performed before Snider received the information, so his assertion that these entities solicited records from DFAS and received responsive records without providing social security numbers is simply conjecture. See Fed. R. Civ. P. 56(c)(4) ("An affidavit . . . used to . . . oppose a motion must be made on personal knowledge . . . and show that the affiant . . . is competent to testify on the matters stated."); SafeCard Servs., 926 F.2d at 1200 ("purely speculative claims" insufficient to rebut agency affidavits). Moreover, Snider's purported receipt of similar information from other entities without providing social security numbers fails to establish that *DFAS* does not require social security numbers to search *its* database because these other entities are all distinct organizations with distinct record systems.

Snider also provides an email from David Bach, Office of Counsel for the Norfolk Naval Shipyard, stating that "DFAS has agreed to perform the OT/backpay calculations by incurring overtime at the Navy's expense"—which could imply that DFAS can access the employee records without social security numbers.  Pl.'s Opp. to Mot. for Summ. J. Ex. 2.  Bach's statement that DFAS agreed to perform OT/backpay calculations comes closer to raising a contested issue of material fact.  But, as DFAS points out, Bach does not work for DFAS; his email does not explain who at DFAS agreed to make these calculations; and, apparently, no one from DFAS has provided these calculations to Bach in the more-than three years since his email.  Snider's filings, moreover, provide little to no explanation of the circumstances surrounding Bach's letter or what role the letter should play in the Court's analysis.  This statement, standing alone, is insufficient to "raise a 'substantial doubt'" concerning the adequacy of DFAS's search, see Iturralde v. Comptroller of the Currency, 315 F.3d 311, 314 (D.C. Cir. 2003) (quoting Valencia-Lucena, 180 F.3d at 326), or overcome the "presumption of good faith" accorded to DFAS's declarations, see SafeCard Servs., 926 F.2d at 1200 (quoting Ground Saucer Watch, 692 F.2d at 77).[1]

B.  Whether Discovery is Warranted

Although recognizing that '[t]ypically, discovery is not part of a FOIA case, and the decision whether to allow discovery rests within the discretion of the district court judge," Snider argues that limited discovery is appropriate because its exhibits raise a genuine issue of material

---

[1] DFAS additionally argues that, even if Snider provided social security numbers for the employees at issue: (1) it does not maintain, in any form, much of the information Snider requests; (2) FOIA does not require it to "create new records" by compiling the individual employee information into spreadsheets; and (3) the information requested, if it could be retrieved, would be protected under FOIA Exemption (b)(6), "which protects from disclosure personnel and medical files."  Def.'s Mem. in Supp. of Mot. for Summ. J. at 7–9 (quotation marks omitted).  The Court will not address these additional arguments, which all pertain to theoretical limits on DFAS's ability to respond to Snider's request if DFAS were provided with social security numbers.  See, e.g., Godfrey v. Iverson, 503 F. Supp. 2d 363, 366 n.1 (D.D.C. 2007), aff'd, 559 F.3d 569 (D.C. Cir. 2009) (court need not address arguments based on conjectural assertions).

fact—whether DFAS can, in fact, search for records without social security numbers—and likewise evince bad faith on the part of DFAS. Pl.'s Mot. for Discovery at 1–3. Because DFAS has demonstrated that it performed an adequate search and Snider has not overcome the presumption of good faith, the Court denies Snider's request for discovery. See, e.g., Jarvik v. CIA, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Where an agency's affidavits regarding its search are sufficient, the judge has broad discretion to forgo discovery.").

**IV.     Conclusion**

For the foregoing reasons, the Court grants DFAS's motion for Summary Judgment and denies Snider's Motion for Discovery. The Court will issue an order in accordance with this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: May 28, 2014